IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-123-FL-1
NO. 5:18-CV-263-FL

| | |
|---|---|
| KAHLEEL DESHAWN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 31), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019).[1]  For the reasons that follow, petitioner's motion is denied.

## BACKGROUND

On July 13, 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to three counts of Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 1951 and 2 (counts one, two and three), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count four).  On January 3, 2010, the court sentenced petitioner to concurrent terms of 50 months' imprisonment on counts one, two, and three, and a

---

[1] Also pending is petitioner's pro se motion for compassionate release, filed June 29, 2020.  The court has appointed the Federal Public Defender to represent petitioner in connection with the motion for compassionate release, and therefore holds in abeyance the pro se motion pending supplemental filing by counsel.

consecutive term of 60 months' imprisonment on count four, producing an aggregate custodial sentence of 110 months.

On June 9, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Johnson and that his defense counsel allegedly was ineffective for failing to raise the issue. On July 2, 2018, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on August 6, 2018. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 26, 2019, the court lifted the stay and directed petitioner to file supplemental briefing addressing the effect of Simms and Davis on petitioner's claim. On August 14, 2019, petitioner's appointed counsel moved to withdraw, conceding that petitioner's claim is foreclosed by United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). Although counsel informed petitioner of his right to proceed pro se, petitioner did not file pro se supplemental brief.

## DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

2

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Hobbs Act robbery and aiding and abetting same in violation of 18 U.S.C. §§ 1951 and 2. The Fourth Circuit has held that Hobbs Act robbery

3

qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Accordingly, to the extent petitioner's predicate offense is substantive Hobbs Act robbery, his claim is without merit.

Petitioner also argues that his § 924(c) conviction must be vacated because he was charged with aiding and abetting Hobbs Act robbery. (See Criminal Information (DE 5) at 2-3). As an initial matter, petitioner pleaded guilty to possessing a firearm during and in relation to substantive Hobbs Act robbery, without the aiding and abetting qualifier. (See id. at 3; Plea Agreement (DE 9) ¶ 3). Petitioner's § 924(c) conviction therefore remains valid even if aiding and abetting Hobbs Act robbery is not a crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002) (explaining § 924(c) conviction does not require conviction on the predicate offense); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority).

Furthermore, although the Fourth Circuit has not addressed the issue directly in a published opinion, Fourth Circuit case law interpreting the force clause in the Armed Career Criminal Act,[2] and aiding and abetting liability generally, strongly supports the conclusion that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. See United States v. Dinkins, 928 F.3d 349, 358-59 (4th Cir. 2019) (suggesting that predicate conviction premised on aiding and abetting liability qualifies as a crime of violence under the similar force clause in the Armed Career Criminal Act if the substantive offense itself is a crime of violence); United States v. Kimble, 855 F.3d 604, 613 (4th Cir. 2017) ("[I]n the federal system, culpability

---

[2] Because the force clauses in both statutes are nearly identical, the Fourth Circuit treats case law interpreting the Armed Career Criminal Act's force clause as applicable to § 924(c)'s force clause. See In re Irby, 858 F.3d 231, 234-37 (4th Cir. 2017).

4

for an offense as an aider and abettor is treated no differently from treatment as a principal."); see also United States v. Thomas, __ F. App'x __, 2020 WL 5888022, at *2 (4th Cir. 2020) (holding that defendant failed to establish plain error based on argument that aiding and abetting Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause); United States v. Brayboy, 789 F. App'x 384, 385 (4th Cir. 2020) (same). And at least three federal appellate courts have directly held that aiding and abetting substantive Hobbs Act robbery is a crime of violence under the force clause. See United States v. Richardson, 948 F.3d 733, 742 (6th Cir. 2020) (holding "conviction for aiding and abetting Hobbs act robbery satisfies [§ 924(c)(3)(A)'s force clause]"); United States v. García-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (same); In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (same).

Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms. Finally, to the extent petitioner argues that his counsel was ineffective for allegedly failing to raise the foregoing arguments, this claim also lacks merit. Because petitioner's claims are without merit, he cannot show that he was prejudiced by counsel's alleged error. See Strickland v. Washington, 466 U.S. 688, 694 (1984) (explaining that to succeed on ineffective assistance of counsel claim, the petitioner must show, among other things, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

C.   Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

5

petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner motion to vacate (DE 31) is DENIED, a certificate of appealability is DENIED, and the clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 2nd day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:16-cr-00123-FL   Document 54   Filed 11/02/20   Page 6 of 6